Green, J.
delivered the opinion of the court.
We have not thought it necessary to notice several of the questions which have beon made in the argument of this case. We think the court erred in that part of the charge in which the judge says, “that if the defendant in the execution, who resided on the land, did not have twenty days notice in writing, but was present and knew of the sale and did not object to it, but pérmitted it to go on without claiming the twenty days notice in writing from the sheriff, and without notifying the persons whom he saw bidding for it, that he had not had such,notice, that he was bound by it, and that the sale was not void on that account.”
This is going much farther in making the act of the party evidence that he had received the twenty days notice required by the act of 1799, c 14, § 1, than the opinion of this court, in the caso Noe vs. Purchapile, 5 Yer. Rep. 216, warrants. In the conclusion of the opinion in that case, *492 the court says. “The defendant by his conduct assisted in malting the sale, stood by at the time, and had an understanding with the purchaser for his benefit. All this amounts to a waiver of notice.”
We approve the decision in that case, and think that in all eases where the defendant is present, assisting at the sale, or by other apt, evinces his willingness that it should go on, it is a waiver of' the notice required by the act, or evidence that such notice was actually given. In such case, tbe party by his acts would show that he possessed all tbe knowledge he wished, or that would be useful to him. As the notice, required by law is for. his; benefit, he may waive bis right to: require it. And if he should do so, either by express words or by acts equivalent thereto, he shall not afterwards be heard to say he had not the notice required by law. But to say, that if the defendant in an execution is. present at the sale of his land, and does not object to it, and notify the bidders that he has not had the notice, he shall be bound by his silence, and shall not afterwards object to the. sale for want of the notice, is going too far.. It is enough, in my opinion, to hold the sale valid, if he. shall actually promote it, or consent that it may be máde — his mere silence is not sufficient. Reverse the judgment gnd remand the cause.
Judgment reversed-.